## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60040-CIV-WILLIAMS/Hunt

SOUTHERN CROSS SEAFOODS, LLC,

        Plaintiff,

    v.

UNITED STATES, *et al.*,

        Defendants.

## JOINT MOTION TO EXEMPT PARTIES FROM INITIAL ORDER REQUIREMENTS AND FOR ENTRY OF SCHEDULING ORDER

On January 8, 2024, the United States Court of International Trade transferred this case to the Court.  D.E. 55.  On January 16, 2024, the Court issued its Order of Referral and Notice of Court Practice and Procedures, which requires the parties to file a joint conference report and joint proposed scheduling order, pursuant to Local Rule 16.1(b), within 20 days of the last Defendant's response to the Complaint.  D.E. 65.  This case is governed by the Administrative Procedure Act ("APA").  Therefore, this case is exempt from the requirements of Local Rule 16.1(b) because it is an action for review of an administrative record.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i); Fed. R. Civ. P. 26(f)(1); L.R. 16.1(b)(5) ("The categories of proceedings exempted from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B) are exempt from the requirements of this subsection.").  Considering the above, the parties respectfully request that the Court exempt them from the requirements set forth in the Court's initial order (D.E. 55), including completing and submitting the Court's form proposing pretrial deadlines, *see* D.E. 65-1.

The parties recognize that the Court "shall have discretion to enter a Scheduling Order or hold a Scheduling Conference in any case even if such case is within an exempt category." L.R. 16.1(b).  Thus, Plaintiff, Southern Cross Seafoods, LLC, and Defendants, the United States of America and the National Marine Fisheries Service ("NMFS"), have conferred, via email and video conference, to discuss the case schedule to propose to the Court.  The parties have outlined below issues that the parties have agreed upon, and others that the parties have been unable to

come to a consensus about.  The parties respectfully ask the Court to enter a scheduling order that sets forth deadlines for Defendants' responsive pleading and the parties' summary-judgment briefing.  The parties will also make themselves available for a hearing before the Court on these issues should the Court deem it necessary.

I.      **The parties agree that this case is an action that will be resolved on an administrative record.**

The claims in this matter arise under the APA and the Antarctic Marine Living Resources Convention Act of 1984 ("AMLRCA").  The parties agree that the claims in the Complaint (D.E. 6) are subject to judicial review pursuant to the scope and standards for judicial review set forth in the APA, 5 U.S.C. § 706.  It is a "fundamental principle[] of judicial review of agency action" that review must be based on "'the administrative record already in existence, not some new record made initially in the reviewing court.'"  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  "The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."  *Id.* at 743–44 (citation omitted).  "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry."  *Id.*  "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking."  *Id.*  Thus, the parties agree that the Court can resolve this matter without discovery or a trial.

II.     **The parties agree that this case should be resolved on cross-motions for summary judgment but have been unable to reach agreement on a briefing schedule and submit separate proposals for the Court's consideration.**

Defendants lodged the administrative record in the U.S. Court of International Trade on December 16, 2022, *see* D.E. 24, and the parties' disputes about the scope of the administrative record were resolved before this action was transferred to this Court, *see* D.E. 47–49.

The parties agree that Defendants shall file a pleading in response to Plaintiff's Complaint on **February 22, 2024**.

If Defendants' responsive pleading is an Answer, the parties agree that the case should be resolved on cross-motions for summary judgment.

The parties also agree that there are no disputed material facts for the Court to resolve in deciding the cross-motions for summary judgment.  Because the scope of judicial review under the APA is limited to the agency's administrative record, the Court is not called upon to determine

whether there is a genuine issue of material fact, but rather to determine whether the legal determination made by Defendants is, for example, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706.  Accordingly, the parties respectfully request that they be relieved of the obligation under Local Rule 56.1 to submit statements of material facts.  The parties will provide a factual background section in their summary judgment briefs, and the briefs will also provide references to the administrative record.

The parties have conferred, via email and video conference, regarding their positions on the structure of an appropriate scheduling for briefing cross-motions for summary judgment but have been unable to reach agreement.  Accordingly, the parties submit their separate proposals for the Court's consideration.

## Plaintiff's Proposal

Plaintiff proposes the following schedule for summary-judgment briefing:

| Briefing Event | Deadline |
|---|---|
| Deadline for cross-motions for summary judgment (assuming Defendants file an answer) | April 12, 2024 |
| Deadline for responses to cross-motions for summary judgment | June 11, 2024 |
| Deadline for replies | July 26, 2024 |

As shown above, Plaintiff proposes a schedule by which the parties file their dispositive motions, responses, and replies on the same dates.   The proposed schedule conforms to common practice for briefing summary-judgment motions.   Indeed, the Court's initial order contemplates one submission deadline for motions for summary judgment (*see* D.E. 65 at 4).   In other APA cases, courts in this district have issued scheduling orders reflecting schedules like the one Plaintiff proposes.  *See Costa, et al. v. U.S. Citizenship & Immigration Servs., et al.*, No. 9:22-81138-AMC (Nov. 14, 2022), D.E. 15; *People for the Ethical Treatment of Animals, Inc., et al. v. U.S. Dep't of Agriculture, et al.*, No. 1:16-cv-24793-DPG (July 2, 2021), D.E. 132; *Saga Overseas, LLC v. Johnson, et al.*, No. 1:15-cv-21813-MGC (Dec. 2, 2015), D.E. 17.

Plaintiff's proposed schedule promotes fairness, clarity, and judicial economy.  When each side presents their briefing at the same time, neither side is advantaged or disadvantaged by the order in which the briefs are presented. For example, Defendants' proposal below offers

Defendants the opportunity to file the last brief – a reply – without giving Plaintiff the opportunity to respond, even though this is the *Plaintiff*'s case.  While Plaintiff would expect Defendants to limit the scope of their reply to a response to the arguments in Plaintiff's opposition, Plaintiff is not guaranteed an opportunity to respond if that should not be the case.  In fact, if Plaintiff believes that Defendants presented arguments beyond the scope of a reply, Plaintiff will have to move for permission to file a sur-reply.  This will produce more briefing for the Court's consideration.  The determination of whether Defendants presented appropriate arguments will be made all the more difficult when, as required under Defendants' proposal, the Plaintiff is expected to file an opposition to Defendant's motion for summary judgment *and* reply brief.  When briefs are combined (e.g., an opposition to summary judgment combined with a cross-motion for summary judgment), as Defendant's proposal suggests, which party is presenting which argument at what stage in the briefing may become unclear.  In contrast, when simultaneous briefing occurs, each party presents its motion, response, and reply, and it is clear what each party is presenting, to which arguments it is responding, and when the arguments are presented.  Additional briefing and confusion regarding relevant arguments can unnecessarily add additional costs and time.  These consequences can be avoided if both sides present their motions on the same date.  Indeed, Plaintiff's proposed schedule does not require the Court to allow additional pages for the briefing and ends a month before Defendants' proposed schedule.

Alternatively, if the Court is persuaded that a staggered schedule should be issued, Plaintiff requests that the schedule allow Plaintiff to present the last brief in the series, as follows:

| Briefing Event | Deadline |
|---|---|
| Defendants file Motion for Summary Judgment (20 pages) | April 12 |
| Plaintiff files Combined Cross-Motion for Summary Judgment/Opposition (40 pages) | June 11 |
| Defendants file Combined Opposition/Reply (30 pages) | August 12 |
| Plaintiff files Reply (10 pages) | September 11 |

Plaintiff has been damaged and is seeking relief in this case.  Thus, its brief should be the last brief before the Court for its consideration.  In an APA case where staggered scheduling was permitted, a Magistrate Judge from this district allowed Plaintiff to present the last brief.  *See Kane, et al. v. U.S. Citizenship & Immigration Servs., et al.*, No. 9:22-cv-81287-AHS (Nov. 2, 2022), D.E. 16.  In the scenario in which a staggered schedule is adopted, Plaintiff proposes a schedule in

which the pages allotted under Local Rule 7.1(c)(2) for the same types of briefs are provided to each side.

Notably, Plaintiff's alternative staggered schedule provides each side 60 days to submit combined briefs.  Even in this alternative scenario, Plaintiff attempted to create an equitable schedule and allotted Defendants the same time to file their combined opposition to Plaintiff's motion for summary judgment and reply in support of their motion for summary judgment.  In contrast, Defendants' staggered proposal provides Defendants with 60 days to submit their combined opposition to Plaintiff's motion for summary judgment and their motion for summary judgment and provides Plaintiff 45 days to file its combined opposition to Defendants' motion for summary judgment and reply brief in support of its motion for summary judgment. Thus, Defendants have drafted a schedule by which they build in two potential advantages: (1) Defendants present the last word on this case to the Court; and (2) Defendants offer Plaintiff less time to submit a combined brief.  Should the Court prefer a staggered schedule, Plaintiff requests that the Court grant the parties equitable time to submit their briefs.

Plaintiff also requests that the Court grant the parties the opportunity to brief the Court on developments in case law that appear to be imminent.   The Supreme Court of the United States is addressing the *Chevron* doctrine this term in *Loper Bright Enterprises v. Raimondo* (S. Ct. 22-451) and *Relentless Inc. v. Department of Commerce* (S. Ct. 22-1219).  The Supreme Court's ruling could have a great impact on the Court's evaluation of this case.  Oral argument for these cases occurred in tandem in January 2024.  Thus, Plaintiff requests that the Court allow the parties to present supplemental briefing on the impact of the Supreme Court's opinion should this case remain pending when the Supreme Court issues its opinion.

**Defendants' Proposal**

Defendants maintain that briefing staggered cross-motions for summary judgment is the most efficient way to present the merits of this case to the Court.  A staggered briefing schedule is comparable to that set for cross appeals by the Federal Rules of Appellate Procedure.  *See* Fed. R. App. P. 28.1(c).  Staggered briefing reduces the number of briefs by one-third because Defendants' opening brief is a combined cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment, and Plaintiff's responsive brief is a combined opposition and reply. Staggered briefing further promotes efficiency because each brief will respond to the specific

arguments presented in the prior brief.  *See, e.g.*, *Stand Up for Cali. v. U.S. Dep't of Interior*, No. 2:16-CV-02681-AWI-EPG, 2017 WL 10620368, at *2 (E.D. Cal. Mar. 8, 2017) ("This Court has found that such a system leads to more responsive briefing than a blind, simultaneous system of cross-motions on the same issues.").  In contrast, simultaneous briefing can lead to "ships passing in the night."  The parties are forced to attempt to anticipate and respond to potential arguments that may ultimately not be raised, leading to an inefficient use of time and resources.

Because this is Plaintiff's case, it is appropriate for Plaintiff to file the opening brief.

In other APA cases, courts in this district have issued scheduling orders reflecting schedules like the one Defendants propose.  *See, e.g.*, *Okeelanta Corp. v. U.S. Army Corps of Eng'rs*, No. 9:21-cv-81505 (Nov. 30, 2021), D.E. 20; *Rolling Meadow Ranch Groves, LLC, v. U.S. Dep't of Agriculture*, No. 2:21-cv-14058-AMC (Aug. 16, 2021), D.E. 28; *Org. of Prof. Aviculturists, Inc., v. Kershner, et al.*, No. 1:20-cv-22059-FAM (Oct. 15, 2020), D.E. 18.  The scheduling orders in these cases typically allotted the plaintiffs and defendants equivalent time for the two initial briefs (i.e., the plaintiffs' motions for summary judgment and the defendants' combined cross-motions for summary judgment and opposition briefs) and equivalent time for the two latter briefs (i.e., the plaintiffs' combined opposition and reply briefs and the defendants' reply briefs).  *See, e.g.*, *Okeelanta Corp.*, No. 9:21-cv-81505 (Nov. 30, 2021), D.E. 20 (allotting approximately 45 days for the initial briefs, with the time for the plaintiffs' initial brief counted from the completion of their review of the administrative record, and 30 days for the latter briefs); *Rolling Meadow Ranch Groves*, No. 2:21-cv-14058-AMC (Aug. 16, 2021), D.E. 28 (allotting 30 days for the initial briefs and 14 days for the latter briefs); *cf. Org. of Prof. Aviculturists, Inc.*, No. 1:20-cv-22059-FAM (Oct. 15, 2020), D.E. 18 (allotting approximately 45 days for the plaintiff's initial brief, 30 days for the defendants' initial brief, 30 days for the plaintiff's latter brief, and 14 days for the defendants' latter brief).

Accordingly, Defendants propose the following schedule, which allots 60 days for the initial briefs, 45 days for Plaintiff's latter brief, and 30 days for Defendants' latter brief:

| Briefing Event | Deadline |
|---|---|
| Plaintiff files Motion for Summary Judgment (30 pages) | April 12 |
| Defendants file Combined Cross-Motion for Summary Judgment/Opposition (30 pages) | June 11 |
| Plaintiff files Combined Opposition/Reply (20 pages) | July 26 |
| Defendants file Reply (20 pages) | August 26 |

The page limits proposed above would allow the parties the same number of total pages under the Local Rules as under a simultaneous briefing schedule.  *See* L.R. 7.1(c)(2).

If the Court declines to impose Defendants' proposed staggered briefing schedule, Defendants would prefer Plaintiff's proposed simultaneous briefing schedule over Plaintiff's proposed staggered briefing schedule.

Finally, Defendants do not oppose opportunities for Plaintiff to request supplemental briefing if it believes the Supreme Court's impending holdings in *Loper Bright Enterprises v. Raimondo* (S. Ct. 22-451) and *Relentless Inc. v. Department of Commerce* (S. Ct. 22-1219) have an impact on this case.  If Plaintiff requests supplemental briefing to address the impact of these holdings on this case, Defendants similarly request an opportunity to respond to any such supplemental briefing.

Dated:  February 12, 2024           Respectfully submitted,

By: /s/ *Raoul G. Cantero*
Raoul G. Cantero (Bar No. 552356)
White & Case LLP
200 South Biscayne Blvd.
Suite 4900
Miami, FL 33131
rcantero@whitecase.com
(305) 371-2700

David E. Bond (*admitted pro hac vice*)
Earl W. Comstock (*admitted pro hac vice*)
Lucius B. Lau (*admitted pro hac vice*)
701 Thirteenth Street NW
Washington, DC 20005
202-729-2307
dbond@whitecase.com
earl.comstock@whitecase.com
alau@whitecase.com

Veronica Gordon (Bar No. 113559)
White & Case LLP
200 South Biscayne Blvd.
Suite 4900
Miami, FL 33131
vgordon@whitecase.com
(305) 371-2700

*Counsel for Plaintiff Southern Cross Seafoods, LLC*

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney
FREDERICK H. TURNER, Senior Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone:      (202) 307-5751 (Cevallos)
            (202) 305-0641 (Turner)
Fax:        (202) 305-0275
Email:      Astrid.Cevallos@usdoj.gov
            Frederick.Turner@usdoj.gov

*Counsel for Defendants*